Craig A. Logsdon (#020223)
Kristine L. Gallardo (#033975)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
E-Mail: clogsdon@swlaw.com
      kgallardo@swlaw.com

*Attorneys for Defendants Harbor Freight Tools USA, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Burrows, Jr., | No. |
| Plaintiff, | |
| v. | **DEFENDANT HARBOR FREIGHT TOOLS USA, INC.'S NOTICE OF REMOVAL** |
| Harbor Freight Tools USA, Inc., a foreign corporation; Greenwood Company, a foreign corporation; Corporations I-X | |
| Defendants. | |

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and LRCiv 3.6, Defendant Harbor Freight Tools USA, Inc. ("Harbor Freight") hereby removes this action from the Superior Court of Arizona, Maricopa County to the United States District Court for the District of Arizona. Removal is based on diversity jurisdiction under 28 U.S.C. § 1332.

In support of this Notice, Harbor Freight states as follows:

1. Plaintiff Robert Burrows Jr. filed a complaint against Harbor Freight Tools USA, Inc., and Corporations I-X on August 17, 2020 in the Superior Court of Arizona, Maricopa County.

2. Plaintiff filed a First Amended Complaint on November 10, 2020 and added defendant Greenwood Company. Harbor Freight was served with this First Amended Complaint on November 13, 2020. *See* **Ex. D**, Affidavit of Service.

//

3.     Harbor Freight removes this action based on 28 U.S.C. § 1441(b). There is complete diversity of citizenship between Plaintiff and Harbor Freight, and the amount in controversy exceeds $75,000.

## DIVERSITY JURISDICTION

4.     This Court has diversity jurisdiction over this action under 28 U.S.C. § 1332(a) because Plaintiff and Harbor Freight are citizens of different states and the amount in controversy exceeds $75,000.

5.     Plaintiff is a citizen of Arizona. *See* **Ex. C**, First Amended Complaint at 1.

6.     Harbor Freight is, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of Delaware with its principal place of business in California. Therefore, Harbor Freight is a citizen of both Delaware and California. *See* 28 U.S.C. § 1332(c)(1).

7.     Greenwood Company is not an entity, and as such it has not been served. It is a trademark owned by Harbor Freight.

8.     Corporations I-X are fictitious entities. Plaintiff alleges the true identities of these Defendants are unknown. *See* **Ex. C**, First Amended Complaint at 2. Per 28 U.S.C. § 1441(b)(1), the citizenship of defendants sued under fictitious names shall be disregarded for determining whether a civil action is removable under 28 U.S.C. § 1332(a).

9.     Plaintiff has not stated a specific amount in controversy. Therefore, removing defendant Harbor Freight must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) ("[T]he removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [the jurisdictional amount].") Harbor Freight can make this requisite showing.

10.    Plaintiff has certified that his case is <u>not</u> suitable for compulsory arbitration pursuant to Maricopa County Local Rule 3.10. *See* **Ex. B**, State Court Docket, Plaintiff's Certificate Regarding Compulsory Arbitration. In doing so, Plaintiff has certified his case is at least worth $50,000, the threshold for compulsory arbitration in Maricopa County.

11. In his complaint, Plaintiff has alleged that Harbor Freight's propane torch was defectively designed because its trigger allegedly failed to disengage when the trigger is released. *See* **Ex. C**, First Amended Complaint at 2.

12. Plaintiff has alleged that due to this design defect, he suffered "serious and permanent injuries" when his pant leg caught fire. *Id.*

13. Plaintiff alleged negligence, strict products liability, negligent misrepresentation, breach of the implied warranty of merchantability, and breach of the implied warranty of fitness for a particular purpose against Harbor Freight. *Id.* at 3-6.

14. Taking into consideration the fact that Plaintiff has already certified his case is worth at least $50,000, and the nature of the allegations against Harbor Freight, Harbor Freight has met its burden to show it is more likely than not that Plaintiffs have an amount in controversy that exceeds the jurisdictional threshold limit of $75,000.

15. Because there is complete diversity of citizenship between Plaintiff and Harbor Freight, and because Harbor Freight has shown that the amount in controversy is greater than $75,000, this Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332(a). Removal based on diversity of citizenship is proper.

## CONSENT AND STATE-COURT FILINGS

16. Harbor Freight is the only defendant that has been served in this action. **Ex. D**, Affidavit of Service. Accordingly, Harbor Freight need not obtain the consent of other named defendants to remove this action. 28 U.S.C. § 1446(b)(2)(A).

17. Per LRCiv 3.6, Harbor Freight has filed with this Notice the following attachments:

    a. Supplemental Civil Cover Sheet
        i. Attached as **Exhibit A**
    b. Complete State Court Docket, Maricopa County Superior Court CV2020-054752
        i. Attached as **Exhibit B**

4819-2295-7011

1   c.   Plaintiff's First Amended Complaint
2       i.   Attached as **Exhibit C**
3   d.   Affidavit of Service for Harbor Freight Tools USA, Inc.
4       i.   Attached as **Exhibit D**
5   e.   Answers
6       i.   No answers have been filed
7   f.   State court orders terminating or dismissing parties
8       i.   None
9   g.   Notices of Appearance
10      i.   None
11  h.   Pending motions, responses, and replies
12      i.   None
13  i.   Remainder of state court record
14      i.   None
15  j.   Verification of the removing party or its counsel that true and complete copies of all pleadings and other documents filed in the state court proceeding have been filed
18      i.   Attached as **Exhibit E**.

Harbor Freight has also filed a copy of this Notice with the clerk of the state court from which this action has been removed.

DATED this 3rd day of December, 2020.

                                    SNELL & WILMER L.L.P.

                                    By: *s/Kristine L. Gallardo*
                                        Craig A. Logsdon
                                        Kristine L. Gallardo
                                        One Arizona Center
                                        400 E. Van Buren, Suite 1900
                                        Phoenix, Arizona  85004-2202
                                        *Attorneys for Defendant Harbor Freight Tools USA, Inc.*

- 4 -

4819-2295-7011

# **CERTIFICATE OF SERVICE**

I hereby certify that on December 3, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record in this matter.

*s/Kathy Sprinkle*

- 5 -

4819-2295-7011