EXHIBIT B

**In the Superior Court of the State of Arizona**

**In and For the County of** Maricopa

Case Number CV2020-054752

Is Interpreter Needed? ☐ Yes

If yes, what language(s): _____

CLERK OF THE
SUPERIOR COURT
☒ FILED
SUTTON, DEP

2020 AUG 17 PH 12: 35

**CIVIL COVER SHEET- NEW FILING ONLY**
(Please Type or Print)

Plaintiff's Attorney David J. Catanese

Attorney Bar Number 012083

| Plaintiff's Name(s): (List all) | Plaintiff's Address: | Phone #: | Email Address: |
|---|---|---|---|
| Robert Burrows, Jr. | c/o Zachar Law Firm, P.C. | (602) 494-4800 | dcatanese@zacharlaw.com |
| | P.O. Box 47640 | | |
| | Phoenix, AZ 85020 | | |

(List additional Plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List All)
Harbor Freight Tools USA, Inc.

Corporations I-X

(List additional Defendants on page two and/or attach a separate sheet)

### RULE 26.2 DISCOVERY TIER OR MONETARY RELIEF CLAIMED:

**IMPORTANT: Any case category that has an asterisk (*) MUST have a dollar amount claimed or Tier selected.** State the monetary amount in controversy or place an **"X"** next to the discovery tier to which the pleadings allege the case would belong under Rule 26.2.

☐ Amount Claimed $_____      ☐ Tier 1      ☐ Tier 2      ☒ Tier 3

### NATURE OF ACTION

Place an **"X"** next to the <u>one</u> case category that most accurately describes your primary case. Any case category that has an asterisk (*) MUST have a dollar amount claimed or Tier selected as indicated above.

**100 TORT MOTOR VEHICLE:**

☐ 101 Non-Death/Personal Injury*

☐ 102 Property Damage*
☐ 103 Wrongful Death*

Case No._____

## 110 TORT NON-MOTOR VEHICLE:

☒ 111 Negligence*
☐ 112 Product Liability – Asbestos*
☐ 112 Product Liability – Tobacco*
☐ 112 Product Liability – Toxic/Other*
☐ 113 Intentional Tort*
☐ 114 Property Damage*
☐ 115 Legal Malpractice*
☐ 115 Malpractice – Other professional*
☐ 117 Premises Liability*
☐ 118 Slander/Libel/Defamation*
☐ 116 Other (Specify) _____ *

## 120 MEDICAL MALPRACTICE:

☐ 121 Physician M.D.*          ☐ 123 Hospital*
☐ 122 Physician D.O*          ☐ 124 Other*

## 130 & 197 CONTRACTS:

☐ 131 Account (Open or Stated)*
☐ 132 Promissory Note*
☐ 133 Foreclosure*
☐ 138 Buyer-Plaintiff*
☐ 139 Fraud*
☐ 134 Other Contract (i.e. Breach of Contract)*
☐ 135 Excess Proceeds-Sale*
☐ Construction Defects (Residential/Commercial)*
    ☐ 136 Six to Nineteen Structures*
    ☐ 137 Twenty or More Structures*
☐ 197 Credit Card Debt (Maricopa County Only)*

## 150-199 OTHER CIVIL CASE TYPES:

☐ 156 Eminent Domain/Condemnation*
☐ 151 Eviction Actions (Forcible and Special Detainers)*
☐ 152 Change of Name
☐ 153 Transcript of Judgment
☐ 154 Foreign Judgment

☐ 158 Quiet Title*
☐ 160 Forfeiture*
☐ 175 Election Challenge
☐ 179 NCC-Employer Sanction Action (A.R.S. §23-212)
☐ 180 Injunction against Workplace Harassment
☐ 181 Injunction against Harassment
☐ 182 Civil Penalty
☐ 186 Water Rights (Not General Stream Adjudication)*
☐ 187 Real Property *
☐ Special Action against Lower Courts
    (See Lower Court Appeal cover sheet in Maricopa)
☐ 194 Immigration Enforcement Challenge
    (A.R.S. §§1-501, 1-502, 11-1051)

## 150-199 UNCLASSIFIED CIVIL:

☐ Administrative Review
    (See Lower Court Appeal cover sheet in Maricopa)
☐ 150 Tax Appeal
    (All other tax matters must be filed in the AZ Tax
    Court)
☐ 155 Declaratory Judgment
☐ 157 Habeas Corpus
☐ 184 Landlord Tenant Dispute – Other*
☐ 190 Declaration of Factual Innocence (A.R.S. §12-771)
☐ 191 Declaration of Factual Improper Party Status
☐ 193 Vulnerable Adult (A.R.S. §46-451)*
☐ 165 Tribal Judgment
☐ 167 Structured Settlement (A.R.S. §12-2901)
☐ 169 Attorney Conservatorships (State Bar)
☐ 170 Unauthorized Practice of Law (State Bar)
☐ 171 Out-of-State Deposition for Foreign Jurisdiction
☐ 172 Secure Attendance of Prisoner
☐ 173 Assurance of Discontinuance
☐ 174 In-State Deposition for Foreign Jurisdiction
☐ 176 Eminent Domain– Light Rail Only*
☐ 177 Interpleader– Automobile Only*
☐ 178 Delayed Birth Certificate (A.R.S. §36-333.03)
☐ 183 Employment Dispute- Discrimination*

Case No._____

☐ 185 Employment Dispute-Other*                    ☐ 163 Other*

☐ 196 Verified Rule 45.2 Petition                    _____

☐ 195(a) Amendment of Marriage License                    (Specify)

☐ 195(b) Amendment of Birth Certificate

## EMERGENCY ORDER SOUGHT

☐ Temporary Restraining Order      ☐ Provisional Remedy      ☐ OSC      ☐ Election Challenge

☐ Employer Sanction      ☐ Other (Specify) _____

## COMMERCIAL COURT (Maricopa County Only)

☐ This case is eligible for the Commercial Court under Rule 8.1, and Plaintiff requests assignment of this case to the Commercial Court. More information on the Commercial Court, including the most recent forms, are available on the Court's website at:

https://www.superiorcourt.maricopa.gov/commercial-court/.

**Additional Plaintiff(s):**

_____

_____

**Additional Defendant(s):**

_____

_____

JEFF FINE
Clerk of the Superior Court
By Amber Sutton, Deputy
Date 08/17/2020 Time 12:36:11

| Description | Amount |
|---|---|
| ——— CASE# CV2020-054752 ——— | |
| CIVIL NEW COMPLAINT | 333.00 |
| TOTAL AMOUNT | 333.00 |
| Receipt# 27907660 | |

**ZACHAR LAW FIRM, P.C.**
PO Box 47640
Phoenix, Arizona 85020
(602) 494-4800
David J. Catanese  (012083)
DCatanese@zacharlaw.com
*Attorney for Plaintiff*

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| ROBERT BURROWS, JR., a single man,<br><br>Plaintiff,<br><br>vs.<br><br>HARBOR FREIGHT TOOLS USA, INC., a foreign corporation; CORPORATIONS I-X,<br><br>Defendants. | Case No.:  CV2020-054752<br><br>**COMPLAINT**<br><br>**(Product Liability)**<br><br>**Tier 3**<br><br>**Jury Trial Requested** |

Plaintiff alleges as follows:

1.     Plaintiff Robert Burrows is a resident of Maricopa County, Arizona.

2.     Defendant Harbor Freight Tools USA, Inc. (hereinafter "Harbor Freight") is a foreign corporation licensed to do business in Arizona.

3.     Defendants Corporations I-X are corporations or other business entities materially involved in the design, manufacture, marketing, distribution and sale of the product at issue and knowingly sold in the State of Arizona.  Their true identities are unknown and are therefore sued by fictitious name.  Plaintiff will seek relief to amend this Complaint if and once such identities become known.

-1-

4.     All acts which give rise to this Complaint occurred in Maricopa County, Arizona.

5.     The amount in controversy exceeds the minimum jurisdictional limits of this Court.

6.     The amount of Plaintiff's damages qualify this matter as a Tier 3 case in accordance with ARCP 8(b)(2).

7.     On or about January 19, 2019, Plaintiff Robert Burrows, Jr. was properly and reasonably using a propane torch designed, manufactured, marketed, distributed and/or sold by Defendant Harbor Freight.

8.     The propane torch flame is engaged by pressing a trigger and the flame is disengaged when the trigger is released or no longer pressed.

9.     While using the propane torch, the flame failed to disengage when Plaintiff released the trigger.  The failure of the flame to disengage upon release as intended caused Plaintiff's pant leg to catch fire and for him to suffer serious and permanent injuries.

## COUNT I
### (Negligence)

10.     Plaintiff realleges and incorporates by this reference the allegations contained in Paragraphs 1 through 9 as though fully set forth herein.

11.     Defendants were under a duty to design, manufacture, sell and/or distribute the propane torch is the subject of this lawsuit in a safe and reasonable manner.

ZACHAR LAW FIRM, P.C.
PO Box 47640
Phoenix, Arizona 85020

12.     Defendants were negligent in the design, manufacture, sale and/or distribution of the propane torch in question.

13.     As a direct and proximate result of Defendants' negligence, Plaintiff has sustained the damages set forth in Paragraphs 35 and 36.

## COUNT II
### (Strict Liability)

14.     Plaintiff realleges and incorporates by this reference the allegations contained in Paragraphs 1 through 13 as though fully set forth herein.

15.     Defendants are in the business of designing, manufacturing, selling and/or distributing the propane torch in question.

16.     Plaintiff belonged to a class of persons to whom Defendants intended to sell and/or use the propane torch in question.

17.     At the time of the incident herein described the propane torch in question was being used in a manner and purpose that was intended and foreseeable by Defendant.

18.     At the time of the events in question, the propane torch in question was without substantial change and in the condition in which it was sold.

19.     The propane torch in question was in an unreasonably dangerous and defective condition.

20.     As a direct and proximate result of Defendants' strict liability, Plaintiff has sustained the damages set forth in Paragraphs 35 and 36.

ZACHAR LAW FIRM, P.C.
PO Box 47640
Phoenix, Arizona 85020

ZACHAR LAW FIRM, P.C.
PO Box 47640
Phoenix, Arizona 85020

## Count III
### (Negligent Misrepresentation)

21.     Plaintiff realleges and incorporates by this reference the allegations contained in Paragraphs 1 through 20 as though fully set forth herein.

22.     Defendant intended purchasers of its propane torch to believe that it could be operated without danger or defect.

23.     Plaintiff did not know and did not have reason to believe that the propane torch made by Defendant was dangerous and defective.

24.     Plaintiff was led to believe and relied upon information provided by Defendants that gave the impression and confidence that the propane torch in question was made without danger or defect.

25.     As a direct and proximate result of Defendant's negligent misrepresentation, Plaintiff has sustained the damages set forth in Paragraphs 35 and 36.

## Count IV
### (Implied Warranty of Merchantability)

26.     Plaintiff realleges and incorporates by this reference the allegations contained in Paragraphs 1 through 25 as though fully set forth herein.

27.     Defendants breached the Uniform Commercial Code § 2-314: Implied Warranty of Merchantability by selling a propane torch that is not fit for the ordinary purposes for which they were intended and used.

28.    As a direct and proximate result of Defendants' breach of Uniform Commercial Code § 2-314: Implied Warranty of Merchantability, Plaintiff has sustained the damages set forth in Paragraphs 35 and 36.

<u>**Count V**</u>
**(Implied Warranty of Fitness for a Particular Purpose)**

29.    Plaintiff realleges and incorporates by this reference the allegations contained in Paragraphs 1 through 28 as though fully set forth herein.

30.    Defendants breached the Uniform Commercial Code § 2-315: Implied Warranty of Fitness for a Particular Purpose by selling a propane torch that is not fit for the ordinary purposes for which they were intended and used.

31.    Plaintiff used the propane torch in a reasonable and foreseeable manner as a torch.

32.    Defendants had the responsibility and duty to ensure that the propane torch would be fit to use as was done by Plaintiff.

33.    The propane torch used by Plaintiff was not fit for the purposed used by Plaintiff and was defective and Defendant breached its duties under the Uniform Commercial Code § 2-315.

34.    As a direct and proximate result of Defendants' breach of Uniform Commercial Code § 2-315: Implied Warranty of Fitness for a Particular Purpose, Plaintiff has sustained the damages set forth in Paragraphs 35 and 36.

ZACHAR LAW FIRM, P.C.
PO Box 47640
Phoenix, Arizona 85020

## DAMAGES

35.    As a direct and proximate cause of Defendants' acts and omissions, Plaintiff suffered serious and permanent bodily injuries, and as a direct result of those injuries, was required to incur medical expenses and will be forced to incur additional further medical expenses.

36.    As a direct and proximate cause of Defendants' acts and omissions, Plaintiff endured great pain, suffering, aggravation, inconvenience, mental and emotional distress in his life and day-to-day activities, all of which will continue well into the future.

**WHEREFORE**, Plaintiff prays for judgment against Defendants for such a sum of money within the jurisdiction of the Court and for full and complete compensation, for general and special damages, for the losses that he has sustained in this matter, and for such other and further relief as the Court or jury deems just and proper in the premises.

DATED this _17th_ day of August, 2020.

**ZACHAR LAW FIRM, PC**

David J. Catanese
*Attorney for Plaintiff*

ZACHAR LAW FIRM, P.C.
PO Box 47640
Phoenix, Arizona 85020

Clerk of the Superior Court
*** Electronically Filed ***
M. Cain, Deputy
11/10/2020 2:40:35 PM
Filing ID 12205834

1

**ZACHAR LAW FIRM, P.C.**

2   PO Box 47640

3   Phoenix, Arizona  85020
(602) 494-4800

4   David J. Catanese  (012083)
DCatanese@zacharlaw.com

5   *Attorney for Plaintiff*

6

7   **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

8   **IN AND FOR THE COUNTY OF MARICOPA**

9   | | |
|---|---|
| ROBERT BURROWS, JR., a single man, | Case No.: CV2020-054752 |

10
Plaintiff,                              **FIRST AMENDED COMPLAINT**

11

12   vs.                                       **(Product Liability)**

13   HARBOR FREIGHT TOOLS USA,             **Tier 3**
INC., a foreign corporation;

14   GREENWOOD COMPANY, a foreign         **Jury Trial Requested**

15   corporation; CORPORATIONS I-X,

16   Defendants.

17

18   Plaintiff alleges as follows:

19

20   1.   Plaintiff Robert Burrows is a resident of Maricopa County, Arizona.

21   2.   Defendant Harbor Freight Tools USA, Inc. (hereinafter "Harbor Freight")

22   is a foreign corporation licensed to do business in Arizona.

23

24   3.   Defendant "Greenwood Company" is an entity that is believed to have

25   been involved in the design, manufacture, marketing, distribution and/or sale of the

26   product at issue and knowingly sold in the State of Arizona.  The product at issue is

27   identified as a "Greenwood Propane Torch".   The true identity of this entity is

28

ZACHAR LAW FIRM, P.C.
PO Box 47640
Phoenix, Arizona 85020

-1-

unknown at this time and therefore sued by fictitious name.  Plaintiff will seek relief to amend this Complaint if and once such identities become known.

4.      Defendants Corporations I-X are corporations or other business entities materially involved in the design, manufacture, marketing, distribution and/or sale of the product at issue and knowingly sold in the State of Arizona.  Their true identities are unknown and are therefore sued by fictitious name.  Plaintiff will seek relief to amend this Complaint if and once such identities become known.

5.      All acts which give rise to this Complaint occurred in Maricopa County, Arizona.

6.      The amount in controversy exceeds the minimum jurisdictional limits of this Court.

7.      The amount of Plaintiff's damages qualify this matter as a Tier 3 case in accordance with ARCP 8(b)(2).

8.      On or about January 19, 2019, Plaintiff Robert Burrows, Jr. was properly and reasonably using a propane torch designed, manufactured, marketed, distributed and/or sold by Defendant Harbor Freight.

9.      The propane torch flame is engaged by pressing a trigger and the flame is disengaged when the trigger is released or no longer pressed.

10.     While using the propane torch, the flame failed to disengage when Plaintiff released the trigger.  The failure of the flame to disengage upon release as intended caused Plaintiff's pant leg to catch fire and for him to suffer serious and permanent injuries.

ZACHAR LAW FIRM, P.C.
PO Box 47640
Phoenix, Arizona 85020

ZACHAR LAW FIRM, P.C.
PO Box 47640
Phoenix, Arizona 85020

## COUNT I
### (Negligence)

11.     Plaintiff realleges and incorporates by this reference the allegations contained in Paragraphs 1 through 9 as though fully set forth herein.

12.     Defendants were under a duty to design, manufacture, sell and/or distribute the propane torch is the subject of this lawsuit in a safe and reasonable manner.

13.     Defendants were negligent in the design, manufacture, sale and/or distribution of the propane torch in question.

14.     As a direct and proximate result of Defendants' negligence, Plaintiff has sustained the damages set forth in Paragraphs 36 and 37.

## COUNT II
### (Strict Liability)

15.     Plaintiff realleges and incorporates by this reference the allegations contained in Paragraphs 1 through 14 as though fully set forth herein.

16.     Defendants are in the business of designing, manufacturing, selling and/or distributing the propane torch in question.

17.     Plaintiff belonged to a class of persons to whom Defendants intended to sell and/or use the propane torch in question.

18.     At the time of the incident herein described the propane torch in question was being used in a manner and purpose that was intended and foreseeable by Defendant.

19.    At the time of the events in question, the propane torch in question was without substantial change and in the condition in which it was sold.

20.    The propane torch in question was in an unreasonably dangerous and defective condition.

21.    As a direct and proximate result of Defendants' strict liability, Plaintiff has sustained the damages set forth in Paragraphs 36 and 37.

### Count III
**(Negligent Misrepresentation)**

22.    Plaintiff realleges and incorporates by this reference the allegations contained in Paragraphs 1 through 21 as though fully set forth herein.

23.    Defendants intended purchasers of its propane torch to believe that it could be operated without danger or defect.

24.    Plaintiff did not know and did not have reason to believe that the propane torch made by Defendant was dangerous and defective.

25.    Plaintiff was led to believe and relied upon information provided by Defendants that gave the impression and confidence that the propane torch in question was made without danger or defect.

26.    As a direct and proximate result of Defendant's negligent misrepresentation, Plaintiff has sustained the damages set forth in Paragraphs 35 and 36.

. . .

. . .

ZACHAR LAW FIRM, P.C.
PO Box 47640
Phoenix, Arizona 85020

ZACHAR LAW FIRM, P.C.
PO Box 47640
Phoenix, Arizona 85020

## Count IV

### (Implied Warranty of Merchantability)

27.     Plaintiff realleges and incorporates by this reference the allegations contained in Paragraphs 1 through 26 as though fully set forth herein.

28.     Defendants breached the Uniform Commercial Code § 2-314: Implied Warranty of Merchantability by selling a propane torch that is not fit for the ordinary purposes for which they were intended and used.

29.     As a direct and proximate result of Defendants' breach of Uniform Commercial Code § 2-314: Implied Warranty of Merchantability, Plaintiff has sustained the damages set forth in Paragraphs 35 and 36.

## Count V

### (Implied Warranty of Fitness for a Particular Purpose)

30.     Plaintiff realleges and incorporates by this reference the allegations contained in Paragraphs 1 through 29 as though fully set forth herein.

31.     Defendants breached the Uniform Commercial Code § 2-315: Implied Warranty of Fitness for a Particular Purpose by selling a propane torch that is not fit for the ordinary purposes for which they were intended and used.

32.     Plaintiff used the propane torch in a reasonable and foreseeable manner as a torch.

33.     Defendants had the responsibility and duty to ensure that the propane torch would be fit to use as was done by Plaintiff.

34.     The propane torch used by Plaintiff was not fit for the purposed used by Plaintiff and was defective and Defendants breached their duties under the Uniform Commercial Code § 2-315.

35.     As a direct and proximate result of Defendants' breach of Uniform Commercial Code § 2-315: Implied Warranty of Fitness for a Particular Purpose, Plaintiff has sustained the damages set forth in Paragraphs 36 and 37.

## DAMAGES

36.     As a direct and proximate cause of Defendants' acts and omissions, Plaintiff suffered serious and permanent bodily injuries, and as a direct result of those injuries, was required to incur medical expenses and will be forced to incur additional further medical expenses.

37.     As a direct and proximate cause of Defendants' acts and omissions, Plaintiff endured great pain, suffering, aggravation, inconvenience, mental and emotional distress in his life and day-to-day activities, all of which will continue well into the future.

**WHEREFORE**, Plaintiff prays for judgment against Defendants for such a sum of money within the jurisdiction of the Court and for full and complete compensation, for general and special damages, for the losses that he has sustained in this matter, and for such other and further relief as the Court or jury deems just and proper in the premises.

ZACHAR LAW FIRM, P.C.
PO Box 47640
Phoenix, Arizona 85020

DATED this 10th day of November, 2020.

**ZACHAR LAW FIRM, PC**

/s/ David J. Catanese
David J. Catanese
*Attorney for Plaintiff*

**ORIGINAL** e-filed this
same date:

/s/ Marci L. Turner

ORIGINAL

CLERK OF THE
SUPERIOR COURT
FILED
S. OLMOS, DEP
2020 NOV 20 AM II: 37

1
2
3
4
5
6

**ZACHAR LAW FIRM, P.C.**
PO Box 47640
Phoenix, Arizona  85020
(602) 494-4800
David J. Catanese  (012083)
DCatanese@zacharlaw.com
*Attorney for Plaintiff*

7    **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

8    **IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| ROBERT BURROWS, JR., a single man, | Case No.: CV2020-054752 |
| Plaintiff, | **REPLACEMENT SUMMONS** |
| vs. | |
| HARBOR FREIGHT TOOLS USA, INC., a foreign corporation; GREENWOOD COMPANY, a foreign corporation; CORPORATIONS I-X, | If you would like legal advice from a lawyer, contact the Lawyer Referral Service at 602-257-4434 or www.maricopalawyers.org Sponsored by the Maricopa County Bar Association |
| Defendants. | |

*(left margin, vertical text)* ZACHAR LAW FIRM, P.C. PO Box 47640 Phoenix, Arizona 85020

**THE STATE OF ARIZONA TO THE DEFENDANTS:**

**HARBOR FREIGHT TOOLS USA, INC.**

YOU ARE HEREBY SUMMONED and required to appear and defend, within the time applicable, in this action in this Court.  If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the day of service.  If served out of the State of Arizona - whether by direct service, by registered or certified mail, or by publication - you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service.  Where process is served upon the Arizona Director of Insurance, an insurer's attorney to receive service of legal process against it in this State, the insurer shall not be required to appear, answer, or plead until expiration of 40 days after such date of service upon the Director.  Service by registered or certified mail within the State of Arizona is complete 30 days after the date of filing the receipt and Affidavit of service with the Court.   Service by publication is complete 30 days after the date of the first publication, direct service is

complete when made.   Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. A.R.C.P. 4: A.R.S. §§ 20-222, 28-502, 28-503.

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

YOU ARE HEREBY CAUTIONED that in order to appear and defend, you must file an Answer of proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiff or Plaintiff's attorney. A.R.C.P. 10 (d); A.R.S. §§12-311; A.R.C.P. 5.

REQUESTS for reasonable accommodation for persons with disabilities must be made to the Court by parties at least three (3) working days in advance of a scheduled court hearing.

REQUESTS for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case by parties at least ten (10) judicial days in advance of a scheduled court proceeding.

Name and address of Plaintiff's attorney is:

David J. Catanese
Zachar Law Firm, P.C.
PO Box 47640
Phoenix, Arizona 85020

SIGNED AND SEALED THIS DATE:      NOV 1 3 2020      JEFF FINE, CLERK



C. Jacobsen

-2-

ZACHAR LAW FIRM, P.C.
PO Box 47640
Phoenix, Arizona 85020

1

**ZACHAR LAW FIRM, P.C.**

2   PO Box 47640
Phoenix, Arizona 85020

3   (602) 494-4800

4   David J. Catanese (012083)
DCatanese@zacharlaw.com

5   *Attorney for Plaintiff*

6

CLERK OF THE
SUPERIOR COURT
FILED
A. SUTTON, DEP

2020 AUG 17  PM 12: 35

7   **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

8   **IN AND FOR THE COUNTY OF MARICOPA**

9   ROBERT BURROWS, JR., a single man,      Case No.:  CV 2020-054752

10           Plaintiff,

11                                           **CERTIFICATE REGARDING**
**COMPULSORY ARBITRATION**

12   vs.

13   HARBOR FREIGHT TOOLS USA,
INC., a foreign corporation;

14   CORPORATIONS I-X,

15

16           Defendants.

17

18       The undersigned certifies that he knows the dollar limits and any other

19   limitations set forth by the local rules of practice for the Maricopa County Superior

20   Court, and further certifies that this case **is not** subject to compulsory arbitration, as

21   

22   provided by Rules 72 through 76 of the Arizona Rules of Civil Procedure.

23       DATED this 17th day of August, 2020.

24

**ZACHAR LAW FIRM, PC**

25

26

David J. Catanese

27   *Attorney for Plaintiff*

28

-1-

**PBS INVESTIGATIONS**
714 E Rose Lane
Phoenix, Arizona 85014
(602) 622-6508



CLERK OF THE
SUPERIOR COURT
FILED
S. OLMOS, DEP
2020 NOV 20  AM 11: 37

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

**ROBERT BURROWS, JR.,  a single man,**            Case No.: CV2020-054752

               Plaintiff,                          **AFFIDAVIT OF SERVICE**

vs.

**HARBOR FREIGHT TOOLS USA, INC., a foreign
corporation; GREENWOOD COMPANY, a foreign
corporation; CORPORATIONS I-X,**

               Defendants.

I, Paul Bryan Seaman, being duly sworn, depose and say that on the 13th day of  November, 2020 at  1:45PM  , I:

Individually/Personally served by delivering a true copy of the First Amended Complaint, Certificate of Compulsory
Arbitration, and Replacement Summons to Harbor Freight Tools, by serving Corporation Creations Network, their
statutory agent. I personally served  Mea Roland at Corporation Creations Network. This service occurred at 3260 North
Hayden Road #210 Scottsdale, AZ 85251.

I being first duly sworn, deposes and states; I am fully qualified to serve process in this case, having been appointed by
the court.

Service: $108.00
Attempts: 1, 11/13/20, 1:45PM
Mileage: 20
Total: $117.00

Paul Bryan Seaman
Process Server
License# MC-8747
**PBS Investigations
714 E. Rose Lane
Phoenix, Arizona 85014**